**Opinion issued March 24, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00283-CR**

———————————

**JACOB MATTHEW BARBER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Court Cause No. 22,374**

---

## MEMORANDUM OPINION

Appellant Jacob Matthew Barber pleaded guilty to the state jail felony of possession of a controlled substance (cocaine) weighing less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). In accordance with

appellant's plea agreement with the State, the trial court found appellant guilty and assessed punishment at two years' confinement in state jail and a $2,000 fine. The sentence of confinement was suspended and appellant was placed on community supervision for three years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3(a) (West Supp. 2014). The State subsequently filed a motion to revoke community supervision, alleging that appellant had violated the terms of his community supervision by committing the offense of aggravated robbery. Appellant pleaded "not true" to the allegation. After a hearing, the trial court found the violation to be true and sentenced appellant to two years' confinement in state jail. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant

reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Stephen C. Taylor must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).